IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANTHONY CHESSER,

    PLAINTIFF,

V.

MONTGOMERY COMMUNITY
ACTION COMMITTEE AND
COMMUNITY DEVELOPMENT
CORPORATION, INC.,

    DEFENDANT.

CIVIL ACTION NO.

2:17-CV-539-WC

JURY TRIAL DEMANDED

## COMPLAINT

**I.    JURISDICTION**

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq*. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, *et seq*. (Title VII) and 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by Title VII providing for injunctive and other relief against race discrimination.

2.    Plaintiff timely filed his charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last

1

discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II. PARTIES

3. Plaintiff, Anthony Chesser, (hereinafter "Plaintiff"), is a citizen of the United States and a resident of Prattville, Elmore County, Alabama. Plaintiff was formerly employed by Defendant.

4. Defendant, Montgomery Community Action Committee and Community Development Corporation, Inc. (hereinafter "Defendant"), is registered and doing business in the State of Alabama and is an entity subject to suit under Title VII. Defendant employs at least fifteen (15) persons.

## III. STATEMENT OF THE FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6. Defendant hired Plaintiff on or about August 1994.

7. Defendant employed Plaintiff at its store location 1066 Adams Avenue in Montgomery, Alabama.

8. On July 19, 2012, Plaintiff previously filed a charge of discrimination and Defendant engaged in acts of retaliation, discrimination based on disability and engaged in a hostile work environment.

9. Based upon that Charge, Plaintiff later filed a lawsuit against the

Defendant in United States District Court for the Middle District of Alabama.

10. The lawsuit concluded on January 22, 2015.

11. Defendant last employed Plaintiff in the position of supply coordinator.

12. Plaintiff held the position of supply coordinator from August 2010 through the date of his termination.

13. At all times while employed with Defendant, Plaintiff performed his job duties in a competent or better manner.

14. On June 13, 2016, Defendants Benjamin Jones, Chief Executive Officer, and Tina Baker, Human Resources Manager, suspended Plaintiff's employment subject to the Headstart Policy Council's approval of their decision to terminate Plaintiff's employment.

15. Defendant terminated Plaintiff on June 29, 2016.

16. Shortly after Defendant terminated Plaintiff's employment, Defendant placed men of African descent, i.e. persons not of Plaintiff's protected class, in Plaintiff's former position.

17. At the time that Defendant suspended Plaintiff, Defendant employed approximately four (4) white employees out of work force numbering approximately three hundred (300) employees.

18. In the presence of other employees, Plaintiff complained to Jones that

Defendant needed to hire more white employees.

19. Defendant employed Patrick Standberry.

20. Standberry supervised Plaintiff in 2016.

21. In March 2016, and again on June 6, 2016, Plaintiff complained to Tina Baker regarding the fact that Patrick Standberry singled him out and treated him differently because of his race.

22. Twenty-six days after Plaintiff's June 6, 2016 meeting with Baker and Jones, Plaintiff received a letter informing him that Defendant suspended his employment pending the policy council's approval of Baker and Jones's termination decision.

23. Baker and Jones both signed the above referenced letter.

24. In the termination letter authored by Jones and Baker, Plaintiff was accused of insubordination for not following the instructions of his supervisor, Standberry and use of profanity and abusive language towards Standberry.

25. On June 6, 2016, Plaintiff had two supervisors, Cheryl Sledge and Standberry.

26. Sledge had previously authorized Plaintiff to set up appointments with movers to obtain price quotes regarding moving Defendant's property to another location.

27. On the morning of June 6, 2016, Standberry directed Plaintiff to

accompany Horace White to conduct inventory at another facility.

28. Plaintiff told Standberry that he would do so, but he first needed to take a meeting with a mover that was set to occur at 10:00 a.m., authorized by Sledge.

29. Plaintiff left with White at approximately 9:30 a.m. to conduct the inventory, but returned for the 10:00 a.m. meeting with the mover.

30. Standberry saw Plaintiff with the mover and, in the presence of the mover, immediately verbally attacked Plaintiff, raised his voice towards Plaintiff, and used abusive language towards Plaintiff.

31. Plaintiff reminded Standberry that he had already told him that he had the 10:00 meeting with the mover, but Standberry continued his verbal attack.

32. Plaintiff repeatedly tried to walk away from Standberry by telling him to leave him alone.

33. The mover, Barry Arrington, who was black, referring to Standberry, stated "I can't believe what I just saw, racism at its best."

34. Arrington left and Plaintiff immediately went to the warehouse and told White that he was going to report Standberry's behavior to CEO of Defendant, Benjamin Jones.

35. Plaintiff reported Standberry's behavior to Jones.

36. Jones directed Plaintiff to go to Tina Baker's office.

37. Standberry had already met with Baker regarding the verbal attack.

38. Plaintiff explained all the problems that he had been having with Standberry; including the fact that Standberry was singling Plaintiff out because of his race, white.

39. Plaintiff asked for ETO[1] time for the rest of the week because he could not report back to Standberry and endure the hostile environment that Standberry had created.

40. Both Jones and Baker authorized the ETO time.

41. The next Monday, June 13, 2016, Defendant had previously scheduled Plaintiff for OSHA training.

42. On that same morning of June 13, 2016, Defendant sent Plaintiff an email informing him that the OSHA training had been cancelled.

43. Because Plaintiff had already been directed to start summer furlough immediately after the OHSA training, Plaintiff understood that he did not need to return to work.

44. In the termination letter Defendant sent to Plaintiff, Jones accused Plaintiff of not returning to work on June 13, 2016, which was false, as he followed previous instructions to start summer furlough once the OSHA training was cancelled.

---

[1] ETO is believed to be "Earned Time Off."

45. Plaintiff was not guilty of insubordination as he did exactly what Standberry instructed him to do, and went with White to perform the inventory, but returned for the previously scheduled meeting with the mover.

46. To the extent that Plaintiff used profanity and/or abusive language, Standberry used identical and/or worse language and Standberry is subject to exactly the same policies and procedures as the Plaintiff.

47. Defendant employed Fred Yelldell.

48. Yelldell is a man of African descent, colloquially known as "black."

49. Fred Yelldell told Standberry that he better stop "f-------" with him, yet Defendant did not discipline in any way shape or form.

## IV. COUNT ONE – Title VII & 42 U.S.C. § 1981 – Race - Termination.

50. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 49 above.

51. Plaintiff is a man of European descent, colloquially known as "white."

52. Defendant hired Plaintiff on or about August 1994.

53. Defendant terminated Plaintiff's employment on June 29, 2016.

54. Shortly after Defendant terminated Plaintiff's employment, Defendant placed men of African descent, i.e. person's not of Plaintiff's protected class, in Plaintiff's former position.

55. Defendant terminated Plaintiff for the alleged reason of not following

the instruction of Standberry and for failing to show up to work; both allegations were false as Plaintiff complied with Standberry's direction and the direction of another employee Cheryl Sledge; and Baker and Jones directed Plaintiff to commence his summer furlough.

56. Other employees, including Fred Yelling, have engaged in insubordinate conduct and were not terminated.

57. As a result of Defendant's violation of Title VII and 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## V.     COUNT TWO – Title VII & 42 U.S.C. § 1981 – Retaliation

58. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 30 above.

59. On July 19, 2012, Plaintiff previously filed a charge of discrimination and Defendant engaged in acts of retaliation, discrimination based on disability and created a hostile work environment.

60. Based upon that Charge, Plaintiff later filed a lawsuit against the Defendant in United States District Court for the Middle District of Alabama.

61. The lawsuit concluded on January 22, 2015.

62. Plaintiff's supervisor Standberry was identified in Plaintiff's previous lawsuit as a person engaged in discriminatory conduct.

63. In the presence of other employees, Plaintiff complained to Defendant's CEO Jones that Defendant needed to hire more white employees.

64. In March 2016, and again on June 6, 2016, Plaintiff complained to Tina Baker regarding the fact that Patrick Standberry singled him out and treated him differently because of his race.

65. Defendant terminated Plaintiff's employment on June 29, 2016.

66. Defendant terminated Plaintiff for the alleged reason of not following the instruction of Standberry and for failing to show up to work. Both allegations were false as Plaintiff complied with Standberry's direction and the direction of another employee Cheryl Sledge, and Baker and Jones directed Plaintiff to commence his summer furlough.

67. Other employees, including Fred Yelling, have engaged in insubordinate conduct and were not terminated.

68. But for Plaintiff's previous lawsuit alleging discrimination, and his new additional complaints of race discrimination, Defendant would not have terminated Plaintiff's employment.

69. As a result of Defendant's retaliatory decision to terminate Plaintiff's employment violation of Title VII and 42 U.S.C. § 1981, Plaintiff has been damaged; suffering loss of pay, benefits, and mental anguish.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.  Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII and 42 U.S.C. § 1981.

B.  Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII and 42 U.S.C. § 1981.

C.  Enter an Order requiring Defendant to make Plaintiff whole by awarding her front-pay, back pay (plus interest) compensatory damages, punitive damages, special damages, and/or nominal damages, injunctive and declaratory relief, and benefits.

D.  Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
ALLEN D. ARNOLD

_____
KIRA FONTENEAU

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
(205) 252-1550 – Office
(205) 502-4476 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

DEFENDANT'S ADDRESS:
Montgomery Community Action Committee
and Community Development Corporation, Inc.
c/o any Officer or Agent
1066 Adams Avenue
Montgomery, AL 36104